**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2585-17T2

JENNIFER TORCASIO,
n/k/a JENNIFER JENNNINGS,

    Plaintiff-Respondent,

v.

DANIEL TORCASIO,

    Defendant-Appellant.

_____

          Argued January 22, 2019 – Decided February 5, 2019

          Before Judges Messano and Gooden Brown.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0742-15.

          Michelle L. Ferreri argued the cause for appellant (Cordell Law, LLP, attorneys; Michelle L. Ferreri, on the briefs).

          Jennifer Jennings, respondent, argued the cause pro se.

PER CURIAM

Defendant Daniel Torcasio and plaintiff Jennifer Jennings were married in 2005, and three children were born of the marriage — twin boys, in 2009, and a third son in 2011. Divorce proceedings began, and, following eleven days of trial, on April 28, 2017, the Family Part judge entered an oral decision on the record.[1] Both parties lived in Monroe Township and worked in the same school system, which the children had always attended. Plaintiff expressed a desire to relocate to another town, Marlton, and remove the children from the Monroe Township School District; defendant objected.

The judge ordered continued "joint and legal custody" of the children. Relevant to this appeal, the judge stated:

> For this school year coming up . . . [,] which is '18 – '19,[2] [plaintiff] may choose the children's school provided that the school she chooses is in a town . . . contiguous to Monroe.
>
> . . . .
>
> So I am ordering that [plaintiff] could choose where she wishes to live. . . . But if she does [choose Marlton], the children will not be attending school in her town . . . .

---

[1] Transcripts of the trial were not provided.

[2] In subsequent colloquy with defense counsel, the judge corrected her mistake and clarified she was ruling as to the 2017-18 school year.

The judge further stated that "with [thirty] days['] notice" to defendant, plaintiff would be permitted to "reside in a town contiguous to Monroe" and "enroll her children in that school."

Regarding the 2018-19 school year, the judge mused that "should [plaintiff] wish to make [a] move to one of the contiguous towns and transfer the children out of Monroe . . . , well the longer she waits the harder it would be to do . . . ." The judge added: "So it needs to be on a motion and I can't predict how I would look at it . . . ." The judge also said: "Who knows what changed circumstances there would be, but I'm not going to create any inferences or direct orders as I am for the [2017-18] school year . . . ." The judge filed a judgment of divorce on May 5, 2017, which, by its terms provided "an [a]mended [f]inal [j]udgment of [d]ivorce with [the] [c]ourt's decision w[ould] be separately filed."

On June 19, 2017, plaintiff moved to enroll the children in a parochial school in Berlin, in Camden County, for the 2017-18 school year. Defendant filed a cross-motion. On July 21, 2017, the judge entered an order denying plaintiff's motion. The judge's written statement of reasons provided:

> The [c]ourt's decision of April 28, 2017 allowed [p]laintiff to pick the school for the children as long as she picked a school contiguous to Williamstown (Monroe Township), where the former marital home is

A-2585-17T2

> located and [defendant] currently resides. The [c]ourt finds [the Camden County school] is not contiguous to Williamstown. . . . The [c]ourt further noted that it could not require . . . the parties' children to attend a parochial school, unless both parties consented to the same . . . . Here, [d]efendant does not consent to the children attending this school. Therefore, the [c]ourt must deny [plaintiff's] request.
>
> [(Emphasis in original).]

The judge also granted that portion of defendant's cross-motion regarding the children's schooling for the 2017-18 school year.

> Defendant's request . . . to register the minor children for the 2017-[]18 school year in Monroe Township School District pursuant to the [c]ourt's decision of April 28, 2017 IS GRANTED. . . . The [c]ourt finds that . . . the decision cannot be delayed any further. Additionally, [plaintiff] had significant time to choose a school contiguous to Williamstown, yet, she did not do so. Additionally, she has not suggested the local parochial school or explain why not. . . . [T]he [c]ourt did and continues to find that continuing the children's education in public schools in Monroe Township is not contrary to the children's best interest.
>
> [(Emphasis in original).]

The judge added that plaintiff must make a request by June 15, 2018 if she decided to enroll the children in a school district in a town contiguous to Monroe Township for the 2018-19 school year.

A-2585-17T2

Apparently, without notice to the parties, the judge filed an amended dual final judgment of divorce on December 29, 2017. Paragraph 8(c) provided:

> For the 2018-[]19 school year, [p]laintiff may select the school the children will attend in the event she relocates to a town that is contiguous to Monroe Township, however her selection is subject to requirement that she file her request by motion, providing notice of same no later than the end of the 2017-[]18 school year . . . . She need not show a change of circumstance, as the court placed on the record it's finding that the children's attendance in the school system where the parties both teach, may not be in the children's best interest. . . . [T]he children's best interest was consistent with [plaintiff's] concern; however, . . . proximity to [defendant's] home was essential to successful co-parenting . . . . The court required a notice of motion for the [p]laintiff's request . . . for the 2018-19 school year because the court cannot predict all of the children's circumstances in 2018 with respect to their best interests and school of attendance.

Defendant filed a timely appeal, after which the judge filed a timely amplification of the reasons supporting her decision. See R. 2:5-1(b). The judge stated:

> [T]he court added orally on the record a . . . condition that [plaintiff] file a motion . . . should she seek to exercise her school designation election for 2018-[]19.[] The court intended to give the [p]laintiff[] adequate time to make this important decision, which the court found to be up to the beginning of the 2018 school year. Therefore, in adding the condition of [p]laintiff [having to file] a motion regarding the 2018-[]19 school year, the court did not intend to remove her

election and revert to the otherwise requisite change of circumstance showing in order to seek judicial approval for a change of the children's school district.

Before us, the parties acknowledged that plaintiff filed a motion in the Family Part to move the children to a different school while the appeal was pending, but the judge properly refused to consider the motion because of a lack of jurisdiction. See R. 2:9-1(a). We also were advised at oral argument that the children were enrolled and remain enrolled in the same school district they have always attended for the 2018-19 school year.

Defendant contends paragraph 8(c) deviates from the judge's oral findings in support of the original judgment of divorce. He further argues that issues regarding the children's schooling in 2018-19 and beyond were not ripe for adjudication when the amended final judgment of divorce was filed in December 2017.

We agree that the judge's findings and conclusions were confusing at best and in conflict at worst. Unfortunately, they provided little certainty to guide the parties' litigation conduct after December 2017. However, the issues raised by the inclusion of paragraph 8(c) in the final judgment are now moot.

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately

6

threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010) (citing Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App. Div. 2000)). "Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." Ibid. (citing DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring)).

Here, paragraph 8(c) dealt only with school choice for the 2018-19 school year, which is now half over. The children remain in the same school district they have always attended, which was defendant's desired outcome.

The parties advise that because of their ages, the twins will age out of their school prior to the 2019-20 school year. We anticipate that unless plaintiff or defendant otherwise put aside their differences and agree, the issue of school choice will once again be before the Family Part for resolution.

The appeal is dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION